IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN BONNER and KATHLEEN HURLEY<br><br>Plaintiffs<br><br>v.<br><br>CFA SOCIETY CHICAGO and CHRISTOPHER VINCENT, individually,<br><br>Defendants | Case No. 26-cv-7912<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Susan Bonner and Kathleen Hurley (collectively "Plaintiffs"), through their counsel, allege the following claims against defendants CFA Society Chicago and Christopher Vincent (collectively "Defendants").

## I. INTRODUCTION

1. This is a case about a chief executive who ran a professional organization through fear, racism, and sexism, and about the two senior women he fired for refusing to stay silent about it.

2. Christopher Vincent (Vincent) is the Chief Executive Officer of CFA Society Chicago. Vincent supervised a primarily female staff.

3. Vincent's abusive behavior was routine and notorious. On one occasion he berated a female employee for fifty-four minutes, so loudly that a person outside the room believed she was being physically attacked.

1

4. Vincent's racist and sexist behavior was similarly routine and notorious. For example, Vincent spoke of firing "ignorant colored girls"; he called Black female employees "lazy" and "not hard workers"; he stated "I fired a legacy team of colored girls for ignorance, with no repercussions! I'm that good!"; he asked a female employee whether she planned to get pregnant; and he called women "dumb." That was the workplace at CFA Society Chicago.

5. Plaintiffs Susan Bonner (Bonner) and Kathleen Hurley (Hurley) were senior leaders who refused to look away.

6. Bonner ran CFA Society Chicago's 100th Anniversary Annual Dinner, which Vincent himself called one of the two best of his tenure.

7. Hurley had managed CFA Society Chicago's core programming for nearly three years.

8. Neither had ever been disciplined. Both did exactly what the law asks of employees who witness discrimination: they reported it to the Board and to CFA Society Chicago's lawyer.

9. Vincent's response was a threat and a firing. He warned Bonner that CFA Society Chicago's lawyer "works for me" and that there would be "consequences" for speaking "out of turn." Then CFA Society Chicago fired her.

10. Vincent first told Bonner that she had "not worked" during the very Annual Dinner she had just led to success, and when that excuse fell apart, he called her a "bad fit."

11. CFA Society Chicago fired Hurley too, seizing on an offhand remark that she might someday retire as the reason to end her career on the spot.

12. No documents support either firing, and no warnings preceded them.

13. The one thing that happened before Bonner and Hurley were fired is that they reported Vincent to the Board and to CFA Society's lawyer.

## PARTIES

14. Plaintiff Susan Bonner is a resident of Illinois. CFA Society Chicago employed Bonner as its Managing Director of Marketing and Customer Experience.

15. Plaintiff Kathleen Hurley is a resident of Wisconsin. CFA Society Chicago employed Hurley as its Director of Programs and Sponsorships.

16. Plaintiffs Bonner and Hurley are employees under Title VII, 42 U.S.C. § 2000e(f), and within the meaning of the Illinois Human Rights Act, 775 ILCS 5/2-101(A).

17. Defendant CFA Society Chicago is an Illinois not-for-profit organization with its principal place of business in Chicago, Illinois.

18. CFA Society Chicago is an employer under Title VII, 42 U.S.C. § 2000e(b), and within the meaning of the Illinois Human Rights Act, 775 ILCS 5/2-101(B).

19. Vincent is a resident of Illinois. At all relevant times, Vincent was the Chief Executive Officer of CFA Society Chicago. Vincent is sued in his individual capacity under 42 U.S.C. § 1981.

3

## JURISDICTION AND VENUE

20.     This Court has original jurisdiction over Plaintiffs' claims under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e et seq., pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3).

21.     This Court has supplemental jurisdiction over Plaintiffs' claim under the Illinois Human Rights Act (IHRA), 775 ILCS 5/1-101 et seq., pursuant to 28 U.S.C. § 1367(a), because that claim shares a common nucleus of operative fact with Plaintiffs' federal claim.

22.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in the Northern District of Illinois.

## ADMINISTRATIVE EXHAUSTION

23.     On or about March 16, 2026, Susan Bonner filed a Charge of Discrimination with the Illinois Department of Human Rights (2026CF1245) and the Equal Employment Opportunity Commission (21B-2026-00761), attached hereto and incorporated herein as Exhibit A.

24.     On or about March 16, 2026, Kathleen Hurley filed a Charge of Discrimination with the Illinois Department of Human Rights (2026CF1243) and with the Equal Employment Opportunity Commission (21B-2026-00760), attached hereto and incorporated herein as Exhibit B.

25. On or about April 10, 2026, the IDHR issued Opt Out Notices to Bonner and Hurley (Charge Nos. 2026CF1245 and 21B-2026-00761 and Charge Nos. 2026CF1243 and 21B-2026-00760).

26. On or about June 9, 2026, the EEOC issued a Right to Sue Notices to Bonner and Hurley.

27. Bonner and Hurley have exhausted their administrative remedies and satisfied all conditions precedent to suit on their Title VII and IHRA claims.

## FACTUAL ALLEGATIONS

### Vincent's Unlawful Misconduct

28. CFA Society Chicago, founded in 1925, is the oldest investment analysts' society in the world and one of the four founding societies of the CFA Institute, the global body that credentials investment professionals in ethics and professional conduct. It serves roughly 4,400 professionals in the Chicago area through programming, events, and professional development.

29. CFA Society Chicago's stated mission is to promote the highest standards of ethics. Its own published pillars include "Ethical Leadership" and a commitment to "a culture of inclusion, diversity and respect."

30. Vincent was the Chief Executive Officer of CFA Society Chicago and its highest-ranking employee at all relevant times.

31. Vincent had authority to hire, fire, and direct the work of CFA Society Chicago employees, including Bonner and Hurley.

32. Vincent supervised a staff composed primarily of women.

5

33.     Vincent subjected female employees to a sustained pattern of verbal abuse, intimidation, and humiliation. For example, he regularly screamed at employees, berated them in meetings, and threatened to fire them without cause.

34.     Vincent's abuse was also racist, including as alleged in paragraph 4 above. He treated the Black employees who worked for him as inferior and questioned their competence based on their race.

35.     Vincent's abuse was also sexist, including as alleged in paragraph 4 above. He treated the women who worked for him as inferior and questioned their competence based on their sex.

36.     Vincent's conduct was severe, pervasive, and well known inside the organization. It created a workplace defined by discriminatory hostility, and it interfered with Bonner's and Hurley's ability to do their jobs.

37.     Bonner and Hurley were not the only women driven out. Other female employees left CFA Society Chicago because of Vincent's racist and sexist conduct.

**Bonner Reported Vincent's Conduct and Was Fired.**

38.     Bonner began her employment with CFA Society Chicago on or about July 1, 2025 as Managing Director of Marketing and Customer Experience.

39.     CFA Society Chicago never disciplined Bonner, never placed her on a performance improvement plan, and never told her that her performance was deficient. Bonner performed her job competently and professionally.

6

40. Bonner reported Vincent's racist and sexist conduct and the hostile work environment in detail to CFA Society Chicago's Board Chair, James Boudreault.

41. Boudreault directed Bonner to meet with the organization's counsel, Jeremy Lewin (Lewin). Lewin works for a large Chicago law firm.

42. Bonner met with Lewin and reported Vincent's racist and sexist conduct and the hostile work environment in detail.

43. Lewin assured Bonner that CFA Society Chicago and Vincent would not retaliate against her for reporting.

44. Vincent learned of Bonner's reports and warned her not to speak with Lewin. Vincent told Bonner that Lewin "works for me" and that there would be "consequences" for speaking "out of turn."

45. Bonner continued to report and opposed Vincent's conduct anyway.

46. Bonner acted in good faith. CFA Society Chicago took no corrective action against Vincent and did nothing to protect her.

47. On November 24, 2025, Vincent fired Bonner. The firing came weeks after she last reported Vincent to the Board Chair and to Lewin.

48. Vincent's reasons for firing Bonner shifted and were false. First he told her she had "not worked" during the week of the Annual Dinner, a claim the event's success refutes and Vincent's own praise contradicts. When that explanation failed, he called her a "bad fit."

49. No documentation supported Bonner's termination, and no warning preceded it.

50. The timing, the missing justification, and the shifting reasons show that Vincent fired Bonner because she reported and opposed his unlawful conduct.

### Kathleen Hurley Reported Vincent's Conduct and Was Fired.

51. Hurley began her employment with CFA Society Chicago in or about October 2022 as Director of Programs and Sponsorships. She was responsible for planning and managing programs central to the organization's mission.

52. Over nearly three years, Hurley performed her job competently and professionally.

53. CFA Society Chicago never disciplined Hurley, never placed her on a performance improvement plan, and never told her that her performance was deficient.

54. Hurley reported Vincent's racist and sexist conduct and the hostile work environment, in detail, to Benjamin Johnson, a member of CFA Society Chicago's Board of Directors.

55. Hurley reported in good faith. CFA Society Chicago took no corrective action against Vincent and did nothing to protect her.

56. Shortly after Hurley's reports, Vincent fired her. When Hurley mentioned she might retire someday, Vincent seized on the remark to fire her on the spot, with no transition and no business justification.

57. No employer ends the career of a valued, never-disciplined senior employee on the spot because she vaguely mentions an intention to retire someday.

58. No documentation supported Hurley's termination, and no warning preceded it. The timing and the missing justification show Vincent fired Hurley because she reported and opposed his unlawful conduct.

**The Board Protected Vincent and Punished the Women
Who Reported Him.**

59. Bonner and Hurley reported Vincent's conduct to the people with the power to stop it: the Board the Board Chair, a Board member, and the CFA Society Chicago's counsel.

60. CFA Society's Board of Directors is comprised of some of the most accomplished investment analysis professionals in Chicago.

61. CFA Society Chicago's Board of Directors received Plaintiffs' reports but did not discipline Vincent, did not investigate meaningfully, and did not stop the conduct. CFA Society Chicago fired the women who reported Vincent instead.

COUNT I
Retaliation in Violation of 42 U.S.C. § 1981
*(Plaintiffs Bonner and Hurley Against Defendants
CFA Society Chicago and Christopher Vincent)*

62. Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth here.

63. Section 1981 prohibits retaliation against a person who opposes race discrimination, including reporting race discrimination directed at others.

64. Bonner and Hurley engaged in protected activity as alleged herein.

9

65. They opposed and reported Vincent's race discrimination to members of CFA Society Chicago's Board of Directors and to the organization's counsel.

66. CFA Society Chicago and Vincent knew of Plaintiffs' protected activity.

67. CFA Society Chicago and Vincent took materially adverse actions against Bonner and Hurley by firing them.

68. Bonner and Hurley's protected activity caused the terminations.

69. The close timing between the reports and the firings, the shifting and false reasons given for Bonner's firing, the manufactured reason given for Hurley's firing, the absence of any documentation or performance justification, Vincent's direct threat of "consequences," and the pattern of firing employees who reported Vincent together establish that Bonner and Hurley were fired because they opposed race discrimination.

70. Vincent is individually liable. He personally engaged in the race discrimination that Bonner and Hurley reported, personally threatened Bonner for reporting it, and personally participated in the decisions to fire them.

71. CFA Society Chicago's and Vincent's retaliation caused Bonner and Hurley to suffer lost wages and benefits, emotional distress, humiliation, and reputational harm. Bonner and Hurley are entitled to compensatory damages, punitive damages, attorneys' fees, and costs.

COUNT II
Violation of Title VII of the Civil Rights Act of 1964
*(Plaintiffs Bonner and Hurley Against Defendant CFA Society Chicago)*

72. Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth here.

73. CFA Society Chicago violated Title VII of the Civil Rights Act of 1964 as alleged in Plaintiffs' Charges of Discrimination (Exs. A & B.)

74. Title VII of the Civil Rights Act of 1964 prohibits an employer from retaliating against an employee because she opposes a practice made unlawful by Title VII, including race and sex discrimination, or because she reports or otherwise participates in opposing such discrimination.

75. Bonner and Hurley engaged in protected activity.

76. Bonner and Hurley opposed and reported conduct they reasonably and in good faith believed to be unlawful race and sex discrimination under Title VII, including Vincent's racist abuse of the staff, his demeaning treatment of female employees, and the hostile work environment he created, to members of CFA Society Chicago's Board of Directors and to the organization's counsel.

77. CFA Society Chicago knew of the protected activity. Bonner reported Vincent's conduct to the Board Chair and to organizational counsel, and Hurley reported Vincent's conduct to a member of the Board of Directors.

78. CFA Society Chicago took materially adverse action against Bonner and Hurley by firing them.

11

79.     Plaintiffs' protected activity caused their terminations, for the reasons set forth in the factual allegations above.

80.     CFA Society Chicago's retaliation caused Bonner and Hurley to suffer lost wages and benefits, emotional distress, humiliation, and reputational harm. Bonner and Hurley are entitled to compensatory and punitive damages, attorneys' fees, and costs under Title VII, 42 U.S.C. § 1981a and § 2000e-5(k).

## COUNT III
### Retaliation in Violation of the Illinois Human Rights Act, 775 ILCS 5/6-101(A)
*(Plaintiffs Bonner and Hurley Against Defendant CFA Society Chicago)*

81.     Plaintiffs reallege and incorporate by reference all preceding paragraphs as though fully set forth here.

82.     CFA Society Chicago violated the IHRA as alleged in Plaintiffs' Charges of Discrimination (Exs. A & B.)

83.     The Illinois Human Rights Act prohibits retaliation against a person because the person opposed conduct the person reasonably and in good faith believed to be unlawful discrimination, harassment, or sex-based harassment.

84.     Bonner and Hurley engaged in protected activity. They opposed and reported conduct they reasonably and in good faith believed to be unlawful discrimination and sexual harassment under the Illinois Human Rights Act, including Vincent's sex-based harassment of female employees, his sex-based and racial hostility, and the hostile work environment he created.

12

85. CFA Society Chicago knew of the protected activity. Bonner reported Vincent's conduct to the Board Chair and to organizational counsel. Hurley reported Vincent's conduct to a Board member.

86. CFA Society Chicago took materially adverse action against Bonner and Hurley by firing them.

87. The protected activity caused Plaintiffs' terminations, for the reasons set forth in the factual allegations above.

88. CFA Society Chicago's retaliation caused Bonner and Hurley to suffer lost wages and benefits, emotional distress, humiliation, and reputational harm. Bonner and Hurley are entitled to all remedies available under 775 ILCS 5/8A-104, including actual damages, attorneys' fees, and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Susan Bonner and Kathleen Hurley respectfully request judgment against Defendants CFA Society Chicago and Christopher Vincent as follows:

a. Compensatory damages, including back pay, front pay, and lost benefits;

b. Damages for emotional distress, humiliation, and reputational harm;

c. Punitive damages against CFA Society Chicago and Christopher Vincent under 42 U.S.C. § 1981, and against CFA Society Chicago under Title VII, 42 U.S.C. § 1981a;

d. Pre-judgment and post-judgment interest;

e. Reasonable attorneys' fees and costs under 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k), and 775 ILCS 5/8A-104; and

f. Such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Jeffrey R. Kulwin
One of the Attorneys for Plaintiffs
Susan Bonner and Kathleen Hurley

Jeffrey R. Kulwin
KULWIN, MASCIOPINTO & KULWIN, LLP
161 North Clark Street, Suite 2500
Chicago, Illinois 60601
T: 312.641.0300
E: jkulwin@kmklawllp.com

14

# Exhibit A

# CHARGE OF DISCRIMINATION

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy act statement before completing this form. **Equal Employment Opportunity Commission and Illinois Dep't of Human Rights** *State or Local Agency, if any* | **[X] IDHR** **[X] EEOC** | 2026CF1245 21B-2026-00761 |

| NAME *(Indicate Mr.. Ms., Mrs.)* | | HOME TELEPHONE *(Include Area Code)* |
|---|---|---|
| **Mrs. Susan Bonner** | | **(630) 235-5022** |

| STREET ADDRESS | CITY. STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| **438 S. Hill Ave** | **Elmhurst, Illinois 60126** | 04/03/1964 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below).

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code)*: |
|---|---|---|
| **CFA Society Chicago** | **15+** | **(312) 251-1301** |

| STREET ADDRESS | CITY. STATE AND ZIP CODE | COUNTY |
|---|---|---|
| **33 N. LaSalle St., Ste 910** | **Chicago, Illinois 60602** | **Cook** |

| NAME | NUMBER OF EMPLOYEES, MEMBERS: | TELEPHONE *(Include Area Code)* |
|---|---|---|
| | | |

| STREET ADDRESS | CITY. STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box (es)* | DATE DISCRIMINATION TOOK PLACE EARLIEST (ADEAJEPA) , **LATEST (ALL)** |
|---|---|
| [ ] RACE    [] COLOR    **[X] SEX**    [] RELIGION    [] NATIONAL ORIGIN | **November 2025** |
| **[X] RETALIATION**    [ ] AGE    [ ] DISABILITY    [] OTHER Pregnancy Act | [ ] CONTINUING ACTION |

THE PARTICULARS ARE *(If additional space is needed. al/ach extra sheet(s)*

## See Attached Exhibit A for Charge of Discrimination Particulars

DEPT. OF HUMAN RIGHTS
INTAKE DIVISION

**MAR 16, 2026**
**RECEIVED**

BY:_____

| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| | /x/ _____    03.09.2026 |
| | SIGNATURE OF COMPLAINANT    DATE |
| Date:_____ Charging Party: _____ | Sworn to and subscribed to before the undersigned notary public in and for said jurisdiction this **9** day of *March* 2024. |
| | My commission expires: 5 /31/ 27 |
| | Notary Public |

Official Seal
RACHEL HOFFMAN
Notary Public, State of Illinois
Commission No. 817760
My Commission Expires May 31, 2027

Exhibit A
*Susan Bonner v. CFA Society Chicago*

## Narrative in Support of Charge of Discrimination

I, Susan Bonner, bring this Charge of Discrimination based on sex, race, and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Illinois Human Rights Act. I am female and my race is Caucasian.

### Employment and Job Performance

I began my employment with CFA Society Chicago on or about July 1, 2025, as the Managing Director of Marketing and Customer Experience. I was a senior leader within the organization and was entrusted with major responsibilities, including oversight of CFA Society Chicago's 100th Anniversary Annual Dinner, one of the organization's most significant and visible events.

The Annual Dinner was successful and was described by the Chief Executive Officer, Christopher Vincent, as one of the top two Annual Dinners of his tenure. At no time prior to my termination was I disciplined, placed on a performance improvement plan, or advised that my job performance was deficient.

### Hostile Work Environment

Throughout my employment, I was subjected to a hostile work environment created by Christopher Vincent, the Chief Executive Officer of CFA Society Chicago. Mr. Vincent supervises a staff made up of all women. Mr. Vincent regularly engaged in explosive verbal abuse, intimidation, and public humiliation of employees. His conduct included screaming at employees, berating staff during meetings, threatening termination without justification, and making degrading comments about women. This conduct was severe, pervasive, and humiliating, and it interfered with my ability to perform my job.

In addition to general abuse, Mr. Vincent engaged in racist and sexist conduct, including making derogatory comments about women and Black female employees, stereotyping their work ethic, commenting on their appearance, and using demeaning and offensive language. This conduct was severe, pervasive, and ongoing, and it created a workplace environment defined by fear, humiliation, and discriminatory hostility. I personally experienced and/or witnessed:

- Repeated screaming and public humiliation of staff;
- A 54-minute verbal tirade directed at a female employee that was so loud a third party believed the employee was being physically harmed;
- Overtly racist remarks, including references to firing "colored girls";
- Statements that Black female employees were "lazy" and "not hard workers";
- Comments that he did not "care if they have black girl hair";
- Sexist comments toward women, including asking a female employee whether she planned to become pregnant;

1 of 3

Exhibit A
*Susan Bonner v. CFA Society Chicago*

- Referring to female employees in negative stereotypical ways, such as calling women "dumb";

- Suggesting that an employee's disability prevented him from performing his work.

The hostile work environment, and Mr. Vincent's conduct, had a severe and negative impact on the terms and conditions of my employment.

**Protected Activity**

As a senior leader, I opposed the hostile work environment and Mr. Vincent's discriminatory conduct.

For example, I reported the hostile work environment and Mr. Vincent's abusive, racist, and sexist conduct to CFA Society Chicago's Board Chair, James Boudreault. At his direction, I met with organizational counsel, Jeremy Lewin, and reported in detail Mr. Vincent's discriminatory conduct and hostile work environment. Mr. Lewin assured me that CFA Society Chicago and Mr. Vincent would not retaliate against me for my report.

After I raised these concerns, Mr. Vincent explicitly warned me not to speak with organizational counsel, stating that the lawyer "works for me," and implied that there would be consequences for speaking "out of turn." Despite these warnings, I continued to report and oppose his unlawful conduct.

**Retaliation and Termination**

Shortly after my protected activity in reporting to the Board Chair and organizational counsel, I was terminated on November 24, 2025.

The reasons given for my termination shifted and were pretextual. Initially, I was told that I had "not worked" during the week of the Annual Dinner, which was demonstrably false. Later, I was told that I was a "bad fit." However, there was no documentation, no prior warnings, and no legitimate, non-discriminatory explanation for my termination.

The timing of my discharge, the absence of any performance-based justification, and the shifting explanations make clear that I was terminated because I opposed unlawful conduct, refused to engage in illegal activity, and reported discrimination, harassment, and retaliation to CFA Society Chicago's leadership and counsel.

**Harm**

As a result of Respondent's actions, I suffered loss of employment, lost wages and benefits, emotional distress, reputational harm, and other damages. I was terminated for doing exactly what the law requires of employees and leaders: reporting and opposing unlawful discrimination and harassment.

Exhibit A
*Susan Bonner v. CFA Society Chicago*

**Conclusion**

CFA Society Chicago, through its Chief Executive Officer Mr. Vincent and with the knowledge of its Board of Directors, subjected me to a hostile work environment and terminated my employment in retaliation for protected activity.

I believe I have been discriminated against based on my sex (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2200e and the Illinois Human Rights Act, 775 ILCS 5/1.

I also believe I have been the victim of unlawful retaliation in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2200e and the Illinois Human Rights Act, 775 ILCS 5/1.

# Exhibit B

260316032

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy act statement before completing this form.<br><br>**Equal Employment Opportunity Commission and**<br><br>**Illinois Dep't of Human Rights**<br><br>*State or Local Agency, if any* | [X] IDHR<br>[X] EEOC | 2026CF1243<br><br>21B-2026-00760 |

| NAME *(Indicate Mr. Ms., Mrs.)* | HOME TELEPHONE *(Include Area Code)* |
|---|---|
| Mrs. Kathleen Hurley | (262) 352-7480 |

| STREET ADDRESS | CITY. STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| N. 8695 Stone School Road | East Troy, Wisconsin 53120 | 08/06/1959 |

NAMED IS THE EMPLOYER. LABOR ORGANIZATION. EMPLOYMENT AGENCY. APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE *(Include Area Code):* |
|---|---|---|
| CFA Society Chicago | 15+ | (312) 251-1301 |

| STREET ADDRESS | CITY. STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 33 N. LaSalle St., Ste 910 | Chicago, Illinois 60602 | Cook |

| NAME | NUMBER OF EMPLOYEES, MEMBERS: | TELEPHONE *(Include Area Code)* |
|---|---|---|
| | | |

| STREET ADDRESS | CITY. STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box (es)* | DATE DISCRIMINATION TOOK PLACE<br>EARLIEST (ADEA/EPA)    LATEST (ALL) |
|---|---|
| [ ] RACE   [] COLOR   [X] SEX   [] RELIGION   [] NATIONAL ORIGIN | **June 2025**             - |
| [X] RETALIATION   [ ] AGE   [ ] DISABILITY   [] OTHER Pregnancy Act | [ ] CONTINUING ACTION |

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)*

DEPT. OF HUMAN RIGHTS
INTAKE DIVISION

**See Attached Exhibit A for**
**Charge of Discrimination Particulars**

MAR 16, 2026
**RECEIVED**
BY:_____

[Notary seal: BARBARA M. MANTHEY NOTARY PUBLIC STATE OF WISCONSIN]

I declare under penalty of perjury that the foregoing is true and correct.

3/9/26

Date:_____ Charging Party: *Kathleen A. Hurley*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

*[signature]* 3/9/2026
SIGNATURE OF COMPLAINANT        DATE

Sworn to and subscribed to before the undersigned notary public in and for said jurisdiction this ____ day of  3-9   20 26

My commission expires   7/13/27

*[signature]*
Notary Public

Exhibit A
*Kathleen Hurley v. CFA Society Chicago*

### Narrative in Support of Charge of Discrimination

I, Kathleen Hurley, submit this Charge of Discrimination based on sex, race, and retaliation in violation of Title VII of the Civil Rights Act of 1964 and the Illinois Human Rights Act. I am female and my race is Caucasian.

### Employment History and Role

I began my employment with CFA Society Chicago in or about October 2022 as the Director of Programs. In this role, I was responsible for planning and managing programs central to the organization's mission. Throughout my employment, I performed my job duties competently and professionally. At no time prior to my termination was I disciplined, placed on a performance improvement plan, or informed that my performance was deficient.

### Hostile Work Environment

During my employment, I was subjected to a hostile work environment created by the conduct of Christopher Vincent, the Chief Executive Officer of CFA Society Chicago. Mr. Vincent supervises a staff made up of all women. Mr. Vincent regularly engaged in abusive, intimidating, and degrading behavior toward employees, particularly women and Black employees. His conduct included verbal abuse, public beratement, threats of termination, and discriminatory remarks based on sex and race.

Mr. Vincent's racist and sexist behavior was ongoing and well known within the organization. He made demeaning comments about Black employees, relied on racial and gender stereotypes, and treated female staff as inferior. This conduct was severe, pervasive, and humiliating, and it interfered with my ability to perform my job. I personally experienced and/or witnessed:

- Repeated screaming and public humiliation of staff;
- Overtly racist remarks, including references to firing "colored girls";
- Statements that Black female employees were "lazy" and "not hard workers";
- Sexist comments about and toward women;
- Referring to female employees in negative stereotypical ways, such as calling women "dumb."

The hostile work environment, and Mr. Vincent's conduct, had a severe and negative impact on the terms and conditions of my employment.

### Protected Activity

I opposed and reported Mr. Vincent's discriminatory and abusive conduct. I raised in detail concerns about the hostile work environment and Mr. Vincent's racist and sexist behavior to a member of CFA Society Chicago's Board of Directors, Benjamin Johnson.

1 of 2

Exhibit A
*Kathleen Hurley v. CFA Society Chicago*

My reports were made in good faith and constituted protected activity under federal and state law. Rather than addressing the misconduct or protecting employees who spoke out, CFA Society Chicago failed to take corrective action.

### Retaliation and Termination

Shortly after I reported the discriminatory and hostile work environment, I was subjected to retaliation.

When I informed Mr. Vincent that I intended to retire at the end of the year, unspecified time, he immediately seized on that disclosure as a pretext to terminate my employment. Instead of engaging in any discussion about transition planning or continued employment, I was fired outright on June 20, 2025.

The timing and circumstances of my termination demonstrate that it was retaliatory. There was no legitimate business reason for my discharge, no performance-based justification, and no documentation supporting the decision. My termination followed my protected reports of discrimination and harassment and was directly connected to my opposition to unlawful conduct.

### Harm

As a result of Respondent's actions, I suffered loss of employment, lost wages and benefits, emotional distress, and reputational harm. I was terminated for reporting discrimination and harassment and for opposing a hostile work environment that violated the law.

### Conclusion

CFA Society Chicago subjected me to a hostile work environment based on sex and race and terminated my employment in retaliation for engaging in protected activity.

I believe I have been discriminated against based on my sex (female) in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2200e and the Illinois Human Rights Act, 775 ILCS 5/1.

I also believe I have been the victim of unlawful retaliation in violation of 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2200e and the Illinois Human Rights Act, 775 ILCS 5/1.